## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| L & W SUPPLY CORPORATION,          ) | |
| d/b/a Building Specialties,                  ) | |
|                                                       ) | |
|                       Plaintiff,               ) | |
|                                                       ) | |
| vs.                                                ) | Case No. CIV-11-1132-M |
|                                                       ) | |
| D'AURIZIO DRYWALL &              ) | |
| ACOUSTICS, INC.;                           ) | |
| NICHOLAS D. D'AURIZIO III;          ) | |
| OSCAR J. BOLDT CONSTRUCTION; and ) | |
| TRAVELERS CASUALTY AND            ) | |
| SURETY COMPANY OF AMERICA,    ) | |
|                                                       ) | |
|                       Defendants.          ) | |

## ORDER

Before the Court are defendant Oscar J. Boldt Construction's ("Boldt") Motion to Dismiss, or in the Alternative, for Summary Judgment and defendant Travelers Casualty and Surety Company of America's ("Travelers") Motion for Summary Judgment, both filed October 13, 2011.   On October 24, 2011, plaintiff filed its responses, and on October 31, 2011, defendants Boldt and Travelers filed their replies.  Based upon the parties' submissions, the Court makes its determination.

I.      Introduction

Boldt was the successful low bidder to serve as the prime contractor on the Choctaw Middle School Construction Project (the "Project") in Choctaw, Oklahoma.  Travelers issued a payment bond as Boldt's surety on the Project.  Boldt entered into various contracts with subcontractors to perform the work, including defendant D'Aurizio Drywall & Acoustics, Inc. ("D'Aurizio Drywall").  Plaintiff supplied materials to D'Aurizio Drywall for D'Aurizio Drywall's work as a subcontractor

on the Project.[1]  Plaintiff furnished materials to D'Aurizio Drywall for the Project from August 4,

2010 to April 11, 2011.

On November 23, 2010, plaintiff executed under oath a document entitled "Release and

Waiver of Liens" ("Release").  The Release provides as follows:

> BOLDT CONSTRUCTION CO., INC. (hereinafter BOLDT) is the general contractor for the construction of the **Choctaw Middle School** (hereinafter THE WORK) for the **City of Choctaw** (hereinafter OWNER).
>
> The undersigned has furnished materials and/or labor to D'Aurizio (SUBCONTRACTOR) for THE WORK, and which have been incorporated into THE WORK.
>
> As an inducement to BOLDT to make progress payments to SUBCONTRACTOR, the undersigned hereby waives each and every right which it has to assert Mechanics or Materialmans Liens against THE WORK, and/or against funds of OWNER available for payment for THE WORK, and waives each and every right, claim or demand of any kind which it has against BOLDT and/or BOLDT'S surety on its payment and performance bond, and against OWNER, for materials furnished and sold to SUBCONTRACTOR with respect to THE WORK, before October 25th, 2010.
>
> It is further understood that BOLDT is expected to and will rely upon this Waiver in making progress payments to SUBCONTRACTOR.

Release and Waiver of Liens, attached as Exhibit A to Affidavit of Randall A. Haak in Support of

Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, attached as Exhibit 1 to

Travelers' Motion for Summary Judgment.  Following execution of the Release by plaintiff, Boldt

paid monies to D'Aurizio Drywall.

Sometime during 2011, D'Aurizio Drywall became insolvent and failed to pay its suppliers

of material on construction projects.  Plaintiff demanded payment in the amount of $254,723.95 for

---

[1]From 2000 through 2011, plaintiff provided building materials to D'Aurizio Drywall on several different construction projects.

the building materials sold and delivered, but D'Aurizio Drywall refused payment.  On September 15, 2011, plaintiff filed the instant action.  On October 4, 2011, plaintiff received a payment from Boldt in the amount of $108,240.39.  According to Boldt, this amount represents the total of invoices for materials furnished on or after October 25, 2010 ($106,991.50), plus 6 percent interest from July 25, 2011, the date Boldt alleges plaintiff provided the documentation requested by Travelers to support plaintiff's claim.  Both Boldt and Travelers now move for summary judgment based upon the Release and the payment for the materials plaintiff furnished and sold to D'Aurizio Drywall on or after October 25, 2010.

II.    Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party."  *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts.  Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

*Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.     Discussion

Boldt and Travelers assert that plaintiff's claims against them for material provided before October 25, 2010 are barred as a matter of law due to the Release.   A release is "valid and enforceable when, (1) an attempt to excuse one party from liability is expressed in clear, definite and unambiguous language, (2) the contract is made at arm's length with no vast disparity of bargaining power between the parties, and (3) when it is not contrary to public policy." *Thompson v. Peters*, 885 P.2d 686, 688 (Okla. Civ. App. 1994).

There is no dispute in this case that plaintiff executed the Release under oath on November 23, 2010.  Additionally, the Court finds that the clear, unambiguous language of the Release is broad enough to release Boldt and Travelers from any liability on the claims plaintiff has filed against them for material provided before October 25, 2010.  Further, plaintiff has made no assertion that there was any vast disparity of bargaining power between the parties or that the Release is contrary to public policy.

Plaintiff, however, does assert that the Release is not supported by adequate consideration and, therefore, cannot be enforced.  Boldt and Travelers contend that adequate consideration is not required for the Release to be enforceable.  A release is a contract.  *See Corbett v. Combined Commc'ns Corp. of Okla., Inc.*, 654 P.2d 616, 617 (Okla. 1982).  "Generally speaking, in order to be effective, a release must be supported by consideration."  66 Am. Jur. 2d Release § 11.  The Court, thus, finds that the Release must be supported by consideration in order to be effective.

Okla. Stat. tit. 15, § 106 defines consideration as follows:

4

> Any benefit conferred, or agreed to be conferred upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered or agreed to be suffered by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise.

Okla. Stat. tit. 15, § 106.

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, as the Court must when addressing a motion for summary judgment, the Court finds there is a genuine issue of material fact as to whether the Release was supported by adequate consideration. While the Release states that it was given as an "inducement to BOLDT to make progress payments to SUBCONTRACTOR [D'Aurizio Drywall]," the Court finds that, viewing all reasonable inferences in plaintiff's favor, the stated consideration may not be "good consideration for a promise." Specifically, the Court finds that viewing all reasonable inferences in plaintiff's favor, Boldt may have already been lawfully bound to make progress payments to D'Aurizio Drywall as part of its contract with D'Aurizio Drywall and, thus, such inducement would not constitute adequate consideration.

However, promissory estoppel is an exception to the general rule requiring consideration for a release to be effective. *See* 66 Am. Jur. 2d Release § 11. To establish promissory estoppel, a party must show: (1) a clear and unambiguous promise, (2) foreseeability by the promisor that the promisee would rely upon it, (3) reasonable reliance upon the promise to the promisee's detriment, and (4) hardship or unfairness can be avoided only by the promise's enforcement. *See Russell v. Bd. of Cnty. Comm'rs, Carter Cnty.*, 952 P.2d 492, 503 (Okla. 1997).

5

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that Boldt and Travelers have established the requirements for promissory estoppel. First, the Court finds that plaintiff's promise in the Release to waive each and every right, claim or demand of any kind which it has against Boldt and Travelers, Boldt's surety, is clear and unambiguous. Second, the Court finds that it was foreseeable by plaintiff that Boldt and Travelers would rely on plaintiff's promise – in fact, the Release states: "It is further understood that BOLDT is expected to and will rely upon this Waiver in making progress payments to SUBCONTRACTOR." Third, the Court finds that Boldt reasonably relied upon the promise to its detriment. Specifically, in Randall A. Haak's affidavits, he states that following the execution of the Release by plaintiff, Boldt made payment to D'Aurizio Drywall in reliance on the promises in the Release by plaintiff. *See* Affidavit of Randall A. Haak in Support of Motion to Dismiss, or in the Alternative, Motion for Summary Judgment at ¶9, attached as Exhibit 1 to Travelers' Motion for Summary Judgment; Affidavit of Randall A. Haak at ¶ 5, attached as Exhibit 1 to Travelers' Reply to Plaintiff's Response and Objection to Defendant's Motion for Summary Judgment. Boldt and Travelers have also submitted additional evidence showing that Boldt made payments to D'Aurizio Drywall after Boldt received the Release. Plaintiff has submitted no evidence to counter Boldt and Travelers' evidence showing reliance. Finally, the Court finds that hardship and unfairness can be avoided only by enforcing the promises in the Release.

Accordingly, the Court finds that plaintiff's claims against Boldt and Travelers for material provided before October 25, 2010 are barred as a matter of law.

Boldt and Travelers also contend that there is no genuine dispute that plaintiff has been paid for the materials it furnished and sold to D'Aurizio Drywall on or after October 25, 2010.  While plaintiff does not dispute that it received a payment from Boldt in the amount of $108,240.39, plaintiff asserts that it sent billing statements to D'Aurizio Drywall for the sum of $109,299.46, reflecting the agreed price for building materials purchased from November 8, 2010 to April 11, 2011 for the Project.  Having analyzed and totaled the billing statements both attached to the Petition in this case and attached to the parties' submissions, the Court finds that Boldt has paid plaintiff for all of the materials it furnished and sold to D'Aurizio Drywall on or after October 25, 2010.  Accordingly, the Court finds that Boldt and Travelers are entitled to summary judgment as to plaintiff's claims against Boldt and Travelers for material provided on or after October 25, 2010.

IV.    Conclusion

For the reasons set forth above, the Court GRANTS Boldt's Motion for Summary Judgment [docket no. 5] and Travelers' Motion for Summary Judgment [docket no. 6].

**IT IS SO ORDERED this 1st day of March, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE